IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, R-40159, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-01736-NJR |
| ) | |
| DR. GOLDMAN, ) | |
| WARDEN LASHBROOK, ) | |
| CMT SHOCK, ) | |
| WEXFORD HEALTH CARE SERVICES, ) | |
| DIRECTOR JOHN BALDWIN, ) | |
| MELVIN HINTON, and ) | |
| JOHN & JANE DOES, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Steven Lisle, an inmate of the Illinois Department of Corrections ("IDOC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Menard Correctional Center ("Menard"). In the Complaint, Plaintiff claims that he was repeatedly placed on suicide watch in Menard's North II Cell House. (Doc. 1, pp. 2-9). He used sharp objects in his cell to attempt suicide. Prison officials knew the conditions were unsafe but intentionally disregarded the risk they posed to Plaintiff's health and safety, in violation of his constitutional rights. Plaintiff now seeks declaratory judgment, monetary damages, and injunctive relief. *Id*.

This case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff is a mentally ill inmate who has a history of suicide attempts that include self-mutilation.[1] (Doc. 1, pp. 2-8). He allegedly uses sharp objects found in his cell to inflict internal and external injuries. Menard officials know this, but they refuse to place Plaintiff in the prison's health care unit (HCU) where he has no access to these items while on suicide watch. Instead, they send him to segregation in Menard's North II Cell House (5 Gallery). *Id*.

Against his protests, Doctor Goldman placed Plaintiff on suicide watch in 5 Gallery in February and August 2018. (Doc. 1, pp. 2-8). He warned the doctor about the unsafe conditions he faced there. As predicted, Plaintiff found sharp objects in the cell and used them to inflict self-harm. These objects included shards of glass from the light fixtures, metal scraps from the cell door, and a plastic spoon provided by staff. Plaintiff cut himself until he bled and swallowed the item(s). He was taken to the HCU for treatment, but Warden Lashbrook, Doctor Goldman, CMT Shock, and/or John and Jane Does (unknown medical staff) ordered him to return to 5 Gallery before receiving medical care. Plaintiff describes this decision as retaliatory and alleges that he suffered from pain and bleeding while excreting the objects. *Id*.

Plaintiff claims that Warden Lashbrook, Doctor Goldman, CMT Shock, and John and Jane Does violated his rights under the First and Eighth Amendments. He also claims that Wexford (a private medical corporation) and high-ranking state officials (Director John Baldwin, Mental Health Chief Melvin Hinton, and John and Jane Does (unknown IDOC officials)) failed

---

[1] *See, e.g., Lisle, Jr. v. Butler*, No. 16-cv-00422-NJR-DGW (S.D. Ill.) (Section 1983 case based on failure to treat injuries Plaintiff sustained from swallowing razorblades); *Lisle v. Butler*, No. 15-cv-00965-MJR-SCW (S.D. Ill.) (Section 1983 case based, in part, on failure to intervene and stop three suicide attempts).

to supervise or train staff in suicide prevention.

## Discussion

In accordance with Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following counts:

**Count 1:** Eighth Amendment claim against Defendants Lashbrook, Goldman, Shock, and Does (unknown medical staff) for intentionally disregarding a known risk of suicide by placing Plaintiff in 5 Gallery in February and/or August 2018.

**Count 2:** Eighth Amendment deliberate indifference to medical needs claim against Defendants Lashbrook, Goldman, Shock, and Does (unknown medical staff) for ordering Plaintiff to return to 5 Gallery without medical treatment for injuries he sustained during suicide attempts in February and/or August 2018.

**Count 3:** Eighth Amendment claim against Defendants Wexford, Baldwin, Hinton, and Does (unknown IDOC officials) for failing to adequately supervise and/or train prison officials in suicide prevention.

**Count 4:** First Amendment claim against Defendants Lashbrook, Goldman, Shock, and Does (unknown medical staff) for retaliating against Plaintiff for attempting suicide or for filing grievance/lawsuits by denying him medical care and ordering him to return to 5 Gallery in February and August 2018.

**Any claim not identified above but encompassed by the allegations in the Complaint shall be considered dismissed without prejudice for failure to satisfy the *Twombly* standard.**

## Count 1

Like all Eighth Amendment claims, a claim involving attempted suicide includes an objective and a subjective element, which requires the plaintiff to show: (1) the harm that befell him was objectively, sufficiently serious and posed a substantial risk to his health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to his health and safety. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S.

825, 832 (1994)). Suicide, even attempted suicide, qualifies as a serious harm. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). In the case of an attempted suicide, however, the second element requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide, and (2) intentionally disregarded the risk. *Collins*, 462 F.3d at 761 (citations omitted). The allegations satisfy both elements of this claim against Defendants Lashbrook, Goldman, Shock, and Does (unknown medical staff).

**Count 2**

An Eighth Amendment claim based on the denial of medical care similarly requires a plaintiff to show that (1) his medical condition was sufficiently serious and (2) the defendants acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The Complaint satisfies the objective and subjective components of this claim against the same defendants, based on their decision to return Plaintiff to 5 Gallery before he was treated for injuries he sustained during suicide attempts in February and/or August 2018.

**Count 3**

The allegations do not support an Eighth Amendment claim against Defendants Baldwin, Hinton, John and Jane Does (unknown IDOC officials), or Wexford. In order to recover damages against a prison official acting in a supervisory role, a Section 1983 plaintiff must demonstrate that the defendant, through his or her own conduct, violated the Constitution. *Rasho*, 856 F.3d at 478 (citation omitted); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citation omitted) (high-ranking official is only liable for his or her own misconduct). Plaintiff may not rely on a theory of *respondeat superior*. *Id*. Plaintiff does not set forth sufficient allegations to support a claim against Defendants Baldwin, Hinton, and John and Jane Does (unknown IDOC officials) under this standard. The allegations do not suggest that these individuals were involved in a

4

decision to place Plaintiff in 5 Gallery, deny him placement in the HCU, or deny him medical treatment. Plaintiff instead relies on vague allegations and a theory of *respondeat superior* liability when bringing his claims against these defendants.

Section 1983 also does not authorize vicarious liability against Wexford. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). The private medical corporation may only be held liable for a constitutional deprivation resulting from its own policy, custom, or practice of deliberate indifference. The Complaint identifies none and establishes no causal connection between a policy or practice and Plaintiff's injuries. Count 3 shall be dismissed.

### Count 4

A retaliation claim requires the plaintiff to demonstrate that (1) he engaged in conduct protected by the First Amendment, (2) he suffered a deprivation that would likely deter future First Amendment activity, and (3) the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Plaintiff describes the defendants' conduct as a way of coping with his repeated suicide attempts and his numerous grievances and suits. Although there is no First Amendment right to attempt suicide, there is a right to file grievances and suits. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). With that said, Plaintiff has identified no specific grievance or lawsuit that prompted the defendants' retaliatory conduct. The allegations are thus insufficient to support a retaliation claim. *Twombly*, 550 U.S. at 570 (requiring plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). Accordingly, Count 4 shall be dismissed without prejudice.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1 and 2 against Defendants John and Jane Does (unknown medical staff who refused to treat Plaintiff for injuries he sustained in

suicide attempts at Menard in February and August 2018). These defendants must be identified with particularity, however, before service of the Complaint can be made on them. The plaintiff shall have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. In this case, Warden Lashbrook is already named in her official capacity and shall respond to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once their names are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## **Pending Motions**

1. **Motion for Leave to Proceed *in forma pauperis* (Doc. 2)**

    Plaintiff's IFP Motion will be addressed in a separate order.

2. **Motion for Recruitment of Counsel (Doc. 3)**

    Plaintiff's request for court-recruited counsel is **DENIED without prejudice**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). Plaintiff admittedly made no attempt to find an attorney on his own or to offer a valid reason for failing to do so. (Doc. 3, p. 1). Although he is mentally ill, Plaintiff has demonstrated his ability to litigate this matter thus far. The pleadings are well-organized and coherent. At this early stage,

Plaintiff's request is denied. The Court remains open to any future requests made by Plaintiff, of course, after he first attempts to locate counsel on his own and/or demonstrates that he is unable to do so.

**3.    Motion for Preliminary Injunction (Doc. 4)**

Plaintiff's Motion for Preliminary Injunction shall be **REFERRED** to Magistrate Judge **Donald G. Wilkerson** for handling as soon as practicable.

## Disposition

The Clerk is directed to **TERMINATE** Defendants **WEXFORD, BALDWIN, HINTON,** and **JOHN AND JANE DOES (unknown IDOC officials)** as parties in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** survive screening and are subject to further review against Defendants **GOLDMAN, LASHBROOK, SHOCK,** and **JOHN AND JANE DOES (unknown medical staff)** in their individual capacities.

**IT IS ORDERED** that **COUNTS 3** and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **LASHBROOK** remains named in her official capacity for purposes of responding to discovery aimed at identifying the unknown defendants and implementing any injunctive relief that is ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The official capacity claims against all other defendants are **DISMISSED** without prejudice for failure to state a claim.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **LASHBROOK (individual and official capacities), GOLDMAN, SHOCK,** and **JOHN AND JANE DOES (once identified):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

7

Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk of Court is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **JOHN AND JANE DOES (unknown medical staff)** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including prompt handling of the Motion for Preliminary Injunction (Doc. 4). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(3) and

28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 21, 2018**

_____  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**