# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STEVEN D. LISLE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv–1736−NJR |
| | ) | Case No. 18−cv–2052−NJR |
| GOLDMAN, et. al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Steven Lisle, an inmate who is currently incarcerated in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he is being confined in unconstitutional conditions in the segregation unit at Menard with deliberate indifference to his mental health needs. He asserts claims against the defendants under the Eighth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff is a mentally ill inmate who has a history of suicide attempts that include self-mutilation while housed in the North II segregation unit ("North II").[1] (Doc. 7, p. 2). He alleges that he was placed on suicide watch in North II in October 2018 despite the unsafe conditions there. *Id*. He further alleges that Goldman, Lashbrook, and unknown ("John Doe") defendants know it is unsafe to place him on suicide watch in North II because he has access to sharp objects that he can use to inflict internal and external injuries, which he has done repeatedly in 2018, but they placed him there anyway. *Id.* True to form, Plaintiff found a metal object in his cell and used it "to mutilate himself untill [sic] his entire body was covered in blood around his arm area" on October 14, 2018 in front of John Doe (suicide watch officer) and other Doe officers. (Doc. 7, pp. 2-3). Plaintiff alleges that the Doe defendants and nurse Chitty watched him cut himself and did nothing to stop him and then refused to obtain medical care for him. (Doc. 7, p. 3). Plaintiff alleges that he was left in pain and bloody in his cell. *Id*.

Defendant Doe failed to document Plaintiff's behavior at the relevant time. (Doc. 7, p. 6). Lashbrook also destroyed camera footage of the North II gallery unit from October 13, 2018 through October 14, 2018, despite Plaintiff providing her with notice of the suicide attempt and sending her a request to preserve the footage. (Doc. 7, pp. 6-7).

---

[1] *See, e.g., Lisle, Jr. v. Butler*, SDIL Case No. 16-cv-00422-NJR-DGW (Section 1983 case based on failure to treat injuries Plaintiff sustained from swallowing razorblades); *Lisle v. Butler*, SDIL Case No. 15-cv-00965-MJR-SCW (Section 1983 case based, in part, on failure to intervene and stop three suicide attempts).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** Lashbrook, Goldman, and John Does violated Plaintiff's Eighth Amendment rights by placing him in a crisis cell that presented him with an opportunity to harm himself;
>
> **Count 2:** Chitty, John Does (suicide watch officer and other officers), and Lashbrook were deliberately indifferent to Plaintiff's suicide attempt on October 14, 2018 in violation of the Eighth Amendment;
>
> **Count 3:** Doe destroyed evidence by failing to document Plaintiff's suicide attempt and Lashbrook destroyed the camera footage of the incident, despite receiving notice that Plaintiff wished to bring a suit based on the incident in violation of Illinois state law;
>
> **Count 4:** Baldwin, Hinton, Wexford, Lashbrook, John Does, and Goldman have an unconstitutional policy or custom of failing to train employees to recognize that attempted suicide is a serious medical need in violation of the Eighth Amendment;
>
> **Count 5:** Lashbrook, Goldman, Chitty, and John Does conspired to be deliberately indifferent to Plaintiff's serious medical needs and the inhuman conditions of confinement to which Plaintiff was subjected.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Count 1** survives threshold review. Like all Eighth Amendment claims, a claim involving attempted suicide includes an objective and a subjective element, which requires the plaintiff to

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

show: (1) the harm that befell him was objectively, sufficiently serious and posed a substantial risk to his health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to his health and safety. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Suicide, even attempted suicide, qualifies as a serious harm. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). In the case of an attempted suicide, however, the second element requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide, and (2) intentionally disregarded the risk. *Collins*, 462 F.3d at 761 (citations omitted). Plaintiff has alleged that he has a history of attempting to kill and/or harm himself when placed in the suicide watch cells in the North II segregation unit. Despite their awareness of this, Defendants arranged for him to be housed there. Accordingly, Plaintiff has stated a claim for relief in **Count 1**.

Likewise, **Count 2** also survives threshold review. An Eighth Amendment claim based on the denial of medical care similarly requires a plaintiff to show that (1) his medical condition was sufficiently serious and (2) the defendants acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The Complaint satisfies the objective and subjective components of this claim against the defendants, based on their decision not to provide Plaintiff with medical treatment after his suicide attempt on October 14, 2018.

Finally, **Count 3** survives threshold review. Count 3 arises under Illinois state law, not the Constitution. While Illinois does not recognize a claim for intention spoliation of evidence, a plaintiff can bring a claim for negligent spoliation of evidence. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 273 (Ill. 1995). Such a claim requires a plaintiff to show (1) a duty, (2) a breach of that duty, (3) causation, and (4) damages. *Id*. at 270. Plaintiff has alleged that unknown staff failed to document his suicide attempt, despite having a duty to document medically relevant

happenings. He also has alleged that Lashbrook was notified that Plaintiff wished her to preserve the video of this incident yet destroyed the video anyway. Plaintiff has adequately stated a spoliation claim against Doe and Lashbrook.

The remainder of Plaintiff's claims must be dismissed at this time. The allegations do not support an Eighth Amendment policy claim as delineated against **Count 4** against Defendants Baldwin, Hinton, Wexford, Lashbrook, John Does #1-3, and Goldman. To recover damages against a prison official acting in a supervisory role, a plaintiff must demonstrate that the defendant, through his or her own conduct, violated the Constitution. *Rasho*, 856 F.3d at 478 (citation omitted); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citation omitted) (high-ranking official is only liable for his or her own misconduct). A plaintiff may not rely on a theory of *respondeat superior*. *Id*. Here, Plaintiff already has alleged that Lashbrook was personally involved with the decision to place him back in the problematic North II suicide watch cell, so this claim is duplicative as to her. Likewise, it is not clearly alleged in the Complaint that the John Doe defendants have any supervisory authority at all, and Plaintiff has already alleged that some of them were personally involved. This makes the claim duplicative as to them as well. As to the other defendants, Plaintiff has not made a sufficient allegation that the other defendants named in **Count 4** were personally involved in the conduct at issue.

As to Plaintiff's other theory of liability in this Count, Section 1983 also does not authorize vicarious liability against Wexford. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). The private medical corporation may only be held liable for a constitutional deprivation resulting from its own policy, custom, or practice of deliberate indifference. The Complaint alleges that Wexford has a custom of failing to train its employees, but establishes no causal connection between that policy or practice and Plaintiff's injuries. Count 4 shall be

dismissed without prejudice.

**Count 5** also will be dismissed as duplicative of Plaintiff's other counts. Plaintiff alleges that the defendants engaged in a conspiracy to harm him, but his conspiracy allegation does not include any defendant who Plaintiff has not already described as personally involved. *See Turley v. Rednour*, 729 F.3d 645, 649 n. 2 (citing *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (finding that the function of a § 1985 conspiracy claim is to "permit recovery from a private actor who has conspired with state actors" and without private actors, the conspiracy claim adds only "needless complexity.")). Plaintiff cannot recover twice for the same conduct, and conspiracy is not an independent basis for liability. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Accordingly, **Count 5** also will also be dismissed without prejudice.

### Consolidation with Case No. 18-cv-1736-NJR-DGW

Plaintiff already has another action pending in this Court raising claims related to his placement in suicide watch cells in North II: *Lisle, Jr. v. Goldman, et al.*, SDIL Case No. 18-cv-1736-NJR-DGW. In that case, Plaintiff challenges his placement on suicide watch in North II in February and August 2018, and brings claims against Goldman, Lashbrook, Shock, and John and Jane Does. *Id.* at Doc. 7. He sought a temporary restraining order ("TRO") at the time he filed his complaint, but his request was denied because he did not indicate that he was currently housed in North II or that he anticipated being transferred there, he did not indicate that he currently needed to be placed on suicide watch, and he did not explain why other areas of the prison are inappropriate for suicide watch. *Id.* at Doc. 6. The Court construed the motion as one for a preliminary injunction and referred it to the magistrate judge to handle after the defendants were served, filed their answers, and responded to the motion. *See id.* at Doc. 7 and docket entry dated Sept. 25, 2018.

Plaintiff filed a new motion for a TRO on October 26, 2018, in which he indicated that he was placed on suicide watch in North II again on October 23, 2018, and purportedly supplied the information that the Court indicated was missing from his first motion. SDIL Case No. 18-cv-1736-NJR-DGW, Doc. 20. Ten days later, when the Court had not taken any action on his new motion for a TRO, Plaintiff filed a new case based on his placement on suicide watch in the North II segregation unit in October 2018, along with a new IFP application, and a slightly modified version of his motion for a TRO. SDIL Case No. 18-cv-2052-NJR-DGW, Docs. 2, 3, 7). In other words, Plaintiff filed a new lawsuit to litigate what is essentially a continuation of his existing lawsuit. He could and should have just filed an amended complaint in his existing lawsuit. *See* FED. R. CIV. P. 15(a), (d).

The Court notes, however, that this case is not a complete duplicate of 18-cv-1736-NJR-DGW. Plaintiff has included an additional defendant, Chitty, in this case. He also raises claims based on a different series of events that occurred in October 2018, as opposed to the complaint in 18-cv-1736-NJR-DGW, which raises events from February and August 2018. It is plausible that Plaintiff's allegations could constitute a continuing course of conduct, but he has not made this allegation, nor do either of the complaints provide sufficient information on this point. The present action also differs from 18-cv-1736-NJR-DGW in that it raises a spoliation claim based on the alleged destruction of evidence. All these factors mitigate against dismissing this case as duplicative.

But there are sufficient grounds to consolidate the actions, especially considering the duplicate request for a TRO in each case. Furthermore, it does not appear that any party would be prejudiced by such consolidation, and it would serve the interest of judicial economy. Given the multiple overlapping defendants, the fact that the events are close in time, and the similarity

of the legal and factual issues, the Court finds it appropriate to consolidate these cases. *Northern v. Stroger*, 676 F. App'x 607, 608 (7th Cir. 2017) ("When a plaintiff has filed two suits that involve similar claims against different defendants, a district court should consolidate them rather than dismiss the second one." (citing *Taylor-Holmes v. Office of the Cook Cnty. Pub. Guardian*, 503 F.3d 607, 610 (7th Cir. 2007))). *See also Connecticut Gen. Life Ins. Co. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000) (court can order consolidation *sua sponte* and, if need be, over the objections of parties).

Accordingly, the Court **CONSOLIDATES** *Lisle v. Goldman*, 18-cv-1736-NJR-DGW and *Lisle v. Goldman*, 18-cv-2052-NJR for all further proceedings.

**Disposition**

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review against Defendants Lashbrook, Goldman, Chitty, and John Does. **Counts 4-5** are **DISMISSED without prejudice**. Defendants Wexford Inc. Healthcare, John Baldwin, and Melvin Hinton are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that *Lisle v. Goldman*, 18-cv-1736-NJR-DGW and *Lisle v. Goldman*, 18-cv-2052-NJR shall be **CONSOLIDATED** for all further proceedings. Case 18-cv-1736-NJR-DGW shall be the lead case. All future pleadings shall be filed in that case and contain case number 18-cv-1736-NJR-DGW. *Nothing further shall be filed in 18-cv-2052-NJR.*

The Motion Requesting Temporary Restraining Order (Doc. 2) and the Motion for Appointment of Counsel (Doc. 4) currently pending in 18-cv-2052-NJR are **DENIED as moot** because the Court has already ordered counsel to be recruited for Plaintiff in 18-cv-1736, and his motion for a temporary restraining order in that case has been set for hearing. SDIL Case No. 18-cv-1736-NJR-DGW, Docs. 26, 27.

The Clerk is **DIRECTED** to file this Order in both 18-cv-1736-NJR-DGW and 18-cv-2052-NJR.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Lashbrook, Goldman, and Chitty: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 30, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of this lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.