# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE,<br><br>      Plaintiff,<br><br>v.<br><br>LISA GOLDMAN, JACQUELINE LASHBROOK, ANA SCHOTT, and CASSANDRA CHITTY,<br><br>      Defendants. | Case No. 3:18-CV-1736-NJR-MAB |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Steven D. Lisle is an inmate in the Illinois Department of Corrections ("IDOC") who brings this action under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. Lisle filed the complaint in this case in September 2018 (Doc. 1). He alleges he was placed on suicide watch while incarcerated at Menard Correctional Center ("Menard") in February and August 2018, and Defendants failed to remove unsafe objects from his cell, which he used to cut himself and then swallowed (*Id.*). Lisle alleges he was taken to the healthcare unit, but Defendants ordered him to return to his cell before he received medical care (*Id.*).

In November 2018, Lisle filed another case in this district court, making similar allegations. *SDIL Case No. 18-cv-2052*. There, Lisle states he was placed on suicide watch at Menard in October 2018, and Defendants failed to remove a metal object from his cell, which he used to injure himself. *SDIL Case No. 18-cv-2052*, Doc. 7). Defendant Cassandra Chitty

allegedly watched Lisle cut himself but did nothing to stop him, and then refused to obtain medical care for him afterwards (*Id.*). Lisle alleges Defendant Jacqueline Lashbrook destroyed camera footage of the cell, even though he provided her with notice of the suicide attempt and requested that she preserve the footage (*Id.*).

The two cases were consolidated in November 2018 (Doc. 28), and *SDIL Case No. 18-cv-1736* was designated as the lead case (*Id.*). Lisle currently proceeds on the following counts:

**Count 1:** Goldman, Lashbrook, and Schott violated Lisle's Eighth Amendment rights in February and August 2018 by placing him in a crisis cell with unsafe conditions;

**Count 2:** Goldman, Lashbrook, and Schott violated Lisle's Eighth Amendment rights by ordering him to return to his cell without medical treatment for injuries he sustained during suicide attempts in February and August 2018;

**Count 6:** Lashbrook and Goldman violated Lisle's Eighth Amendment rights in October 2018 by placing him in a crisis cell with unsafe conditions;

**Count 7:** Chitty and Lashbrook were deliberately indifferent to Lisle's suicide attempt in October 2018, in violation of the Eighth Amendment; and

**Count 8:** Lashbrook violated Illinois state law by destroying the camera footage of the incident.

On April 2, 2019, Defendants filed a motion for summary, arguing Lisle failed to exhaust his administrative remedies (Doc. 70). According to Defendants, Lisle's discovery disclosures state he wrote two relevant grievances on August 22 and 23, 2018, and submitted two emergency grievances to Lashbrook (*Id.*). There are no copies of these grievances in the record, and the grievance counselor's records only show Lisle filed one emergency grievance, which was returned as a non-emergency (*Id.*). Lisle does not make any allegations that he filed a grievance with the Administrative Review Board ("ARB"), and the ARB's records do

not contain any written grievances regarding Lisle's placement on crisis watch during the relevant period (*Id.*). Lisle opposes the motion and argues he was unable to comply with the grievance process because Lashbrook refused to process his grievances (Doc. 78).

A hearing was held on July 18, 2019, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (Doc. 91). Defendants called Kelly Pierce as a witness; she testified via videoconferencing (*Id.*). Pierce is a grievance counselor at Menard, and she explained that inmates have access to lockboxes in their respective living units, in which they can submit grievances. The facility collects the grievances from the lockboxes on a daily basis, and documents who collects the grievances. The grievances are taken to the counselors, who assign each grievance a number and keep a log of all of an inmates' submissions. Pierce reviewed Lisle's grievance log, which indicates Lisle submitted an emergency grievance on October 25, 2018 (Def. Ex. C). Menard returned the grievance to Lisle on October 26, 2018, because the facility determined it was a non-emergency (*Id.*). The log does not reflect that Lisle filed any grievances in August 2018 (*Id.*).

Lisle also testified at the hearing via videoconferencing. He said he filed four grievances in August 2018 and never received a response. Lisle followed up with his grievance counselor to inquire about the status of his grievances, and the counselor told him the office did not receive any of them. Lisle's counseling summary confirms that Lisle contacted his counselor on September 5, 2018, to ask about a grievance (Doc. 78, Ex. 1).

## LEGAL STANDARDS

Summary judgment is proper only where the moving party can demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v.*

*Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (*citing Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 824 F.3d 645, 647-48 (7th Cir. 2016)).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Under the procedures set forth in the Illinois Administrative Code, an inmate is required to file a written grievance within 60 days of the "incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed with the inmate's counselor, unless certain discrete issues are being grieved. *Id*. If the complaint is not resolved through a counselor, the grievance is considered by a grievance officer who must render a written recommendation to the Chief Administrative Officer (usually the Warden) within two months of receipt, "when reasonably feasible under the circumstances." *Id*. at § 504.830(e). The Warden then advises the inmate of a decision on the grievance. *Id.*

An inmate may also file an emergency grievance if "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." *Id.* at § 504.840(a). The grievance is forwarded directly to the Warden and, if the Warden determines the grievance should be handled as an emergency, he or she must expedite the grievance process. *Id.* at § 504.840(b). If the Warden determined the grievance is not an

emergency, the offender must be notified in writing that he may resubmit the grievance as non-emergent, in accordance with the standard grievance process. *Id.* at § 504.840(c).

An inmate is required to only exhaust the administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). An administrative remedy is unavailable if a prison official fails to respond to an inmate's grievance. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

## Discussion

There is no documentation that Lisle properly submitted any grievances related to the events underlying this action. The cumulative counseling summary and the grievance log document several grievances Lisle submitted, but do not show that Lisle filed any grievances in August 2018 regarding his placement on crisis watch. Although Lisle filed an emergency grievance in October 2018, the grievance log indicates it was deemed a non-emergency and returned to Lisle. There are no records that Lisle resubmitted the grievance through the standard procedure, as required under the Illinois Administrative Code. 20 Ill. Admin. Code § 504.840(c). Similarly, the ARB's records do not contain any relevant grievances from Lisle.

But Lisle argues he submitted grievances, and Menard failed to respond, which rendered the grievance process unavailable. To corroborate his testimony, Lisle points to his cumulative counseling summary, which states Lisle inquired about the status of a grievance in September 2018. The Court notes, however, that the counselor could not locate the grievance.

Aside from Lisle's own testimony, there is no evidence that Lisle submitted relevant grievances in August 2018, or that he did not receive a response to his emergency grievance in October 2018. Further, Defendants have provided testimony and documentary evidence that Lisle failed to exhaust his administrative remedies. According to Pierce, inmates have

access to lockboxes in which to submit grievances, and grievance counselors review and keep detailed logs of the submissions on a daily basis. Lisle's testimony that he submitted several grievances that were not logged and/or not responded to is simply not credible. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) ("At Pavey hearings, judges may hear evidence, find facts, and determine credibility.").

## Conclusion

Accordingly, the Motion for Summary Judgment on Exhaustion filed by Defendants Lisa Goldman, Ana Schott, Cassandra Chitty, and Jacqueline Lashbrook (Doc. 70) is **GRANTED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED: August 13, 2019

*/s/ Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**